**FOR PUBLICATION**

```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

                                    )
JAMES P. WILLIAMS,                  )
                                    )
          Plaintiff,                )
                                    )
     v.                             )
                                    )    Civil No. 2008-33
WILLIAM P. LIMPERT, III, d/b/a      )
BITE-ME CHARTERS,                   )
                                    )
          Defendant.                )
_____)
```

**ATTORNEYS:**

**Thomas F. Friedberg, Esq.**
San Diego, CA
    *For the plaintiff.*

**Gregory H. Hodges, Esq.**
St. Thomas, U.S.V.I.
    *For the defendant.*

<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant, William P. Limpert, III, d/b/a Bite-Me Charters ("Limpert"), to dismiss Count Two of the complaint of the plaintiff, James P. Williams ("Williams").

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

This admiralty action arises out of a boating incident off the coast of St. John, U.S. Virgin Islands. On December 15, 2007, Williams joined a fishing charter as a passenger on the Sea

*Williams v. Limpert*
Civil No. 2008-33
Memorandum Opinion
Page 2

Bee II, a vessel owned by Limpert. Williams alleges that Limpert's negligent operation of the vessel caused Williams to fall and sustain injuries. Williams thereafter brought this two-count lawsuit, alleging negligence in Count One and common carrier negligence in Count Two.

Limpert now moves to dismiss Count Two's common carrier negligence claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Williams has filed an opposition and Limpert a reply.

## II. DISCUSSION

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 127 S. Ct. at 1969 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of

*Williams v. Limpert*
Civil No. 2008-33
Memorandum Opinion
Page 3

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 127 S. Ct. at 1965).

### III. ANALYSIS

Count Two essentially alleges that Limpert was acting as a common carrier during his operation of the Sea Bee II, breached his duty to Williams as a putative common carrier by negligently operating the vessel, and thereby caused Williams to sustain injuries. With respect to Limpert's purported common carrier status, the complaint asserts that Limpert "was using th[e] vessel for the transport of paying passengers [and thus] was acting as a common carrier." (Compl. ¶ 19.)

Limpert urges the dismissal of Count Two on the grounds that Williams has failed to adequately allege that Limpert is a common carrier. According to Limpert, the complaint alleges that Williams was a passenger on a fishing charter, which Limpert characterizes as a private vessel. Limpert goes to great lengths

*Williams v. Limpert*
Civil No. 2008-33
Memorandum Opinion
Page 4

in his pleadings to define and to explicate the differences between a common carrier and a private charter.

Courts routinely hold that "[w]hether a particular individual is a common carrier is a question of fact to be determined from the evidence." *See*, *e.g.*, *Commonwealth v. Babb*, 70 A.2d 660, 662 (Pa. Super. Ct. 1950) (citation omitted); *see also Esprit De Corp. v. Victory Express*, No. 95-16887, 1997 U.S. App. LEXIS 7724, at *4 (9th Cir. Apr. 17, 1997) ("Whether a carrier meets the statutory and regulatory requirements to act as a contract carrier or a common carrier is a question of fact.") (citation omitted); *Powerhouse Diesel Servs. v. Tinian Stevedore*, Civ. No. 93-0003, 1994 U.S. Dist. LEXIS 10661, at *34-35 (D. N. Mar. I. July 15, 1994) ("What constitutes a common carrier, and what constitutes a contract carrier, are questions of law, but whether the carrier is acting as a common carrier or as a contract carrier is a question of fact.") (quotation omitted); *Wright v. Midwest Old Settlers & Threshers Ass'n*, 556 N.W.2d 808, 810 (Iowa 1996) ("It is a question of law for the court to determine what constitutes a common carrier, but it is a question of fact whether, under the evidence in a particular case, one charged as a common carrier comes within the definition of that term and is carrying on its business in that capacity."); *Beavers v. Federal Ins. Co.*, 437 S.E.2d 881, 882-83 (N.C. Ct. App. 1994)

*Williams v. Limpert*
Civil No. 2008-33
Memorandum Opinion
Page 5

("[W]hat constitutes a common carrier is a question of law, but whether one is acting as a common carrier is ordinarily a question of fact.") (citation omitted); *Adkins v. Slater*, 298 S.E.2d 236, 240 (W. Va. 1982) ("What constitutes a common carrier is a question of law, but whether a party in a particular instance comes within the class is a question of fact, to be determined as the case may arise.") (quotation omitted).

Despite the factual inquiry that inheres in Count Two, Limpert argues that that count may nevertheless be dismissed in light of the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*. The Court believes that Limpert misreads that case.

In *Twombly*, the Supreme Court held that the plaintiffs failed to state a claim under § 1 of the Sherman Antitrust Act. The complaint in that case had alleged that the defendants had engaged in parallel conduct, but had failed to plead a set of facts that made it plausible that such conduct was the result of a conspiracy. In reaching its decision, the Supreme Court rejected the rule, as articulated in *Conley v. Gibson*, 355 U.S. 41 (1957), that a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Bell Atlantic Corp.*, 127 S. Ct. at 1968 (citing *Conley*, 355 U.S.

*Williams v. Limpert*
Civil No. 2008-33
Memorandum Opinion
Page 6

at 45-46).

In addressing *Twombly* and its impact on the proper pleading standard, the Third Circuit has found that in spite of the Supreme Court's "plausibility" reference, *Twombly* does not require either a heightened pleading of specific facts or impose a probability requirement. *See Phillips v. County of Allegheny*, 515 F.3d 224, 230, 233 (3d Cir. 2007). In *Phillips*, the court read *Twombly* as a reaffirmation of both the notice pleading standard under Federal Rule of Civil Procedure 8 and the general standard governing a Rule 12(b)(6) motion. *See id.* at 231. In its discussion, the Third Circuit noted the confusion that *Twombly* may engender with respect to its scope and application:

> The issues raised by *Twombly* are not easily resolved, and likely will be a source of controversy for years to come. Therefore, we decline at this point to read *Twombly* so narrowly as to limit its holding on plausibility to the antitrust context. Reading *Twombly* to impose a "plausibility" requirement outside the § 1 context, however, leaves us with the question of what it might mean. "Plausibility" is related to the requirement of a Rule 8 "showing." In its general discussion, the Supreme Court explained that the concept of a "showing" requires only notice of a claim and its grounds, and distinguished such a showing from "a pleader's "bare averment that he wants relief and is entitled to it." While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Williams v. Limpert*
Civil No. 2008-33
Memorandum Opinion
Page 7

*Id.* at 234 (citations omitted).[1]  After remarking on the potential difficulties courts may encounter in applying *Twombly*, the Third Circuit encapsulated its understanding of the appropriate Rule 12(b)(6) standard as follows:

> [S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.

*Id.* (internal quotation marks omitted) (quoting *Twombly*, 127 S.Ct. at 1965).

Contrary to Limpert's interpretation, *Twombly* does not suggest that factual inquiries are now meant to be conducted at the Rule 12(b)(6) stage of litigation.  Indeed, courts applying the standards articulated in *Twombly* have explicitly declined to engage in fact-finding exercises in ruling on motions to dismiss. *See*, *e.g.*, *Flava Works, Inc. v. City of Miami*, Civ. No. 07-22370, 2008 U.S. Dist. LEXIS 43545, at *9-10 (S.D. Fla. May 30, 2008)

---

[1]  The Third Circuit is far from the only circuit to have found *Twombly*'s holding somewhat crabbed. *See*, *e.g.*, *Aktieselskabet AF 21 November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 15 (D.D.C. 2008) (noting that "[m]any courts have disagreed about the import of *Twombly*" and listing cases) (citations omitted); *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("We are not the first to acknowledge that the new formulation [under *Twombly*] is less than pellucid.") (citing *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007) (referring to *Twombly*'s "conflicting signals")).

*Williams v. Limpert*
Civil No. 2008-33
Memorandum Opinion
Page 8

("Resolving this inquiry is necessarily a factual determination, and as such the [defendant's] Motion to Dismiss . . . is denied."); *Krause v. Turnberry Country Club*, Civ. No. 07-5329, 2008 U.S. Dist. LEXIS 32525, at *11 (N.D. Ill. Apr. 17, 2008) (denying a motion to dismiss where "[w]hether a defendant is considered a plaintiff's employer is a factual determination . . . ."); *Vulcan Golf, LLC v. Google Inc.*, Civ. No. 07-3371, 2008 U.S. Dist. LEXIS 22155, at *19 (N.D. Ill. Mar. 20, 2008) ("This type of factual determination is wholly inappropriate at the motion to dismiss stage.").

In the Court's view, *Twombly* targets wholly speculative claims premised on facts that might be discovered at some point in the future. Here, the facts Williams alleges do not rise to that level of speculativeness.[2] Indeed, those facts, when taken as true, adequately put Limpert on notice as to the claims against him. The Court further finds that the allegations, liberally construed, make it at least plausible that Limpert was

---

[2] Limpert attaches great weight to Williams' use of the word "charter" in his complaint, asserting that the use of that word is a de facto admission by Williams that Limpert was not operating the Sea Bee II as a common carrier. The Court does not perceive any such admission in the mere use of a word to which Williams may or may not have intended to ascribe the legal significance Limpert urges. *See Philips Oral Healthcare, Inc. v. Fed. Ins. Co.*, 83 Fed. Appx. 963, 965 (9th Cir. 2003) (unpublished) (noting that courts "are not bound by [the complaint's] formal language") (citing *Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1433 (9th Cir. 1995)).

*Williams v. Limpert*
Civil No. 2008-33
Memorandum Opinion
Page 9

operating the Sea Bee II as a common carrier.[3] *See Budinsky v. Pennsylvania Dep't of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987) ("We must . . . liberally construe the complaint in the plaintiff's favor.") (citations omitted). Dismissal is therefore unwarranted, at least for now.[4]

---

[3] The Court disagrees with Limpert's perception of *Twombly*'s "plausibility" standard. Limpert's position suggests that, under *Twombly*, Williams is obligated to allege specific, undisputed facts demonstrating that Limpert is a common carrier. Significantly, that position is at odds with *Twombly*'s quite clear reiteration that a complaint "does not need detailed factual allegations." 127 S. Ct. at 1964. The *Twombly* Court recalled that Rule 8(a) contains only "the threshold requirement" that the statement of a claim "show that the pleader is entitled to relief." *Id.* at 1966. The complaint in *Twombly* fell short of that elementary requirement, not some higher requirement for allegations that were "[]sufficiently particularized." *Id.* at 1973 n.14. Indeed, the Supreme Court subsequently allayed any doubt in this vein left by *Twombly* by reaffirming the old Rule 8(a) standard: "[S]pecific facts are not necessary," and a complaint need only give the defendant fair notice of the claims." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam).

[4] Limpert contends that this matter is "legally identical" to *Spath v. Dillon Enterprises*, 97 F. Supp. 2d 1215 (D. Mont. 1999). Limpert relies on *Dillon Enterprises* to underscore the differences between a common carrier and a private carrier. The *Dillon Enterprises* Court found that the defendant was not a common carrier and thus granted the defendant summary judgment on a negligence claim based on the defendant's alleged common carrier status. 97 F. Supp. 2d at 1219. Limpert's reliance on *Dillon Enterprises* is misplaced –– and his claim of legal identicalness mistaken –– because the court's decision in that case was predicated on a factual finding that the defendant was not a common carrier. This Court may have occasion to make such a determination at a later stage of these proceedings, but not in deciding a Rule 12(b)(6) motion.

Limpert also cites to *Spath v. Federal Insurance Co.*, 101 F.

*Williams v. Limpert*
Civil No. 2008-33
Memorandum Opinion
Page 10

## IV. CONCLUSION

For the reasons stated above, the motion to dismiss Count Two of the complaint will be denied.  An appropriate order follows.

                                        S_____
                                          **Curtis V. Gómez**
                                          **Chief Judge**

---

Supp. 2d 49 (D. Mass. 2000), erroneously stating that the case was decided "on a motion to dismiss (and not for summary judgment) . . . ." (Def.'s Reply Mem. of Law in Further Supp. of Mot. to Dismiss Count II of Pl.'s Compl. 5.)  *Federal Insurance*, in fact, was unambiguously decided on a motion for summary judgment. *See* 101 F. Supp. 2d at 53 ("For the reasons stated the defendants motion for summary judgment is granted and the complaint is dismissed.").  As a consequence, Limpert's discussion of that case inapposite.